UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA FERNANDEZ, Student,<br><br>Plaintiff,<br><br>v.<br><br>ELK GROVE UNIFIED SCHOOL DISTRICT,<br><br>Defendant. | No. 2:19-cv-00082-MCE-AC<br><br>**MEMORANDUM AND ORDER** |

Through this action, Plaintiff Cynthia Fernandez ("Plaintiff"), asserts six federal and state causes of action against Defendant Elk Grove Unified School District ("District" or "Defendant") alleging that the District has procedurally and substantively denied Plaintiff a free appropriate public education ("FAPE") for the 2009-10 through 2018-2019 school years. Presently before the Court is Defendant's Motion to Dismiss Plaintiff's operative First Amended Complaint ("FAC"), ECF No. 9, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).[1] ECF No. 10. For the reasons that follow, Defendant's Motion is GRANTED with leave to amend.

///

---

[1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

1

# BACKGROUND[2]

Plaintiff was born with bilateral profound sensorineural hearing loss. In October 2002, when she was almost three years old, she received a cochlear implant in the right ear but experienced difficulties with sound intermittencies and mapping until approximately December 2008. In February 2003, Plaintiff attended Children's Choice for Hearing and Talking ("CCHAT"), a non-public school; CCHAT prepared a report that indicated Plaintiff's speech perception abilities were not significantly improving and that her errors appeared to be due to language or auditory processing, rather than to any structural hearing deficit. By 2009, Plaintiff's auditory comprehension remained extremely below average and her academic skills were significantly delayed.

During the 2009-10 school year, Plaintiff apparently transferred to a school within the Defendant District. In March 2009, Defendant convened Plaintiff's annual Individualized Education Program ("IEP") team meeting. According to Plaintiff, she was offered oral motor and articulation goals for speech that were inadequate to fully address her needs. In addition, Defendant placed Plaintiff in a noncategorical special day class with limited speech and language therapy. Based on the report from CCHAT, and the fact that Plaintiff was deaf, Plaintiff contends Defendant should have instead provided her with placement in a deaf and hard of hearing classroom that taught American Sign Language ("ASL").

Moreover, Plaintiff contends that during school years 2009-10 through 2018-2019, Defendant inaccurately reported Plaintiff's academic and language abilities and that the IEP failed to meet her needs. On April 20, 2018, Defendant completed an academic assessment for Plaintiff which demonstrated that her word recognition fluency was at a 1.6 grade level, her reading comprehension was at a 2.6 grade level, her math computation was at a 5.6 grade level and her written expression was at a 6.9 grade level.

---

[2] The following recitation of facts is taken, sometimes verbatim, from Plaintiff's FAC.

At Plaintiff's May 14, 2018, IEP team meeting, the District provided Plaintiff with a transition plan, but Plaintiff contends the plan was incomplete and failed to provide Plaintiff with the necessary services to meet her academic goals. In addition, Plaintiff alleges she was unaware of how far below grade level she was performing until May 2018.

Given the foregoing, on September 11, 2018, Plaintiff filed a Due Process Complaint with the Office of Administrative Hearings ("OAH") alleging that the District had procedurally and substantively denied Plaintiff a FAPE for the 2009-10 through 2018-2019 school years. On October 26, 2018, OAH issued an order dismissing Plaintiff's claims to the extent they arose prior to September 11, 2016, as barred by the statute of limitations. Although Plaintiff's non-time-barred claims (claims post September 11, 2016) were permitted to proceed to a due process hearing, she and the District eventually reached a pre-hearing settlement.

Shortly thereafter, Plaintiff initiated this action, alleging claims: (1) challenging the OAH's dismissal of her claims as time-barred; (2) for violation of the Americans with Disabilities Act ("ADA"); (3) for violation of Section 504 of the Rehabilitation Act of 1973; and (4) arising under various state laws. Defendant first moves to dismiss all federal claims for failure to exhaust administrative remedies. It then challenges each claim on the merits. The Court agrees that it lacks jurisdiction over the FAC and holds as follows.

**STANDARD**

**A.　　Rule 12(b)(1): Motion to Dismiss for Lack of Subject Matter Jurisdiction**

Federal courts are courts of limited jurisdiction, and are presumptively without jurisdiction over civil actions. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). The burden of establishing the contrary rests upon the party asserting jurisdiction. Id. Because subject matter jurisdiction involves a court's power to hear a

case, it can never be forfeited or waived. United States v. Cotton, 535 U.S. 625, 630 (2002). Accordingly, lack of subject matter jurisdiction may be raised by either party at any point during the litigation, through a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). Arbaugh v. Y&H Corp., 546 U.S. 500, 506 (2006); see also Int'l Union of Operating Eng'rs v. Cnty. of Plumas, 559 F.3d 1041, 1043-44 (9th Cir. 2009). Lack of subject matter jurisdiction may also be raised by the district court sua sponte. Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999). Indeed, "courts have an independent obligation to determine whether subject matter jurisdiction exists, even in the absence of a challenge from any party." Id.; see Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss the action if subject matter jurisdiction is lacking).

There are two types of motions to dismiss for lack of subject matter jurisdiction: a facial attack and a factual attack. Thornhill Publ'g Co. v. Gen. Tel. & Elec. Corp., 594 F.2d 730, 733 (9th Cir. 1979). Thus, a party may either make an attack on the allegations of jurisdiction contained in the nonmoving party's complaint, or may challenge the existence of subject matter jurisdiction in fact, despite the formal sufficiency of the pleadings. Id.

When a party makes a facial attack on a complaint, the attack is unaccompanied by supporting evidence, and it challenges jurisdiction based solely on the pleadings. Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). If the motion to dismiss constitutes a facial attack, the Court must consider the factual allegations of the complaint to be true, and determine whether they establish subject matter jurisdiction. Savage v. Glendale High Union Sch. Dist. No. 205, 343 F.3d 1036, 1039 n.1 (9th Cir. 2003). In the case of a facial attack, the motion to dismiss is granted only if the nonmoving party fails to allege an element necessary for subject matter jurisdiction. Id. However, in the case of a facial attack, district courts "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." Safe Air for Everyone, 373 F.3d at 1039.

///

In the case of a factual attack, "no presumptive truthfulness attaches to plaintiff's allegations." Thornill, 594 F.2d at 733 (internal citation omitted). The party opposing the motion has the burden of proving that subject matter jurisdiction does exist, and must present any necessary evidence to satisfy this burden. St. Clair v. City of Chico, 880 F.2d 199, 201 (9th Cir. 1989). If the plaintiff's allegations of jurisdictional facts are challenged by the adversary in the appropriate manner, the plaintiff cannot rest on the mere assertion that factual issues may exist. Trentacosta v. Frontier Pac. Aircraft Ind., Inc., 813 F.2d 1553, 1558 (9th Cir. 1987) (quoting Exch. Nat'l Bank of Chi. v. Touche Ross & Co., 544 F.2d 1126, 1131 (2d Cir. 1976)). Furthermore, the district court may review any evidence necessary, including affidavits and testimony, in order to determine whether subject matter jurisdiction exists. McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988); Thornhill, 594 F.2d at 733. If the nonmoving party fails to meet its burden and the court determines that it lacks subject matter jurisdiction, the court must dismiss the action. Fed. R. Civ. P. 12(h)(3).

### B. Rule 12(b)(6): Motion to Dismiss for Failure to State a Claim

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations. However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal citations and quotations omitted). A court is not required to accept as true a "legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009) (quoting Twombly, 550 U.S.

at 555). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the pleading must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.")).

Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket assertion, of entitlement to relief." Id. at 556 n.3 (internal citations and quotations omitted). Thus, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Id. (citing 5 Charles Alan Wright & Arthur R. Miller, supra, at § 1202). A pleading must contain "only enough facts to state a claim to relief that is plausible on its face." Id. at 570. If the "plaintiffs . . . have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. However, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend. Leave to amend should be "freely given" where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to be considered when deciding whether to grant leave to amend). Not all of these factors merit equal weight. Rather, "the consideration of prejudice to the opposing party . . . carries the greatest weight." Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir. 1987)). Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment." Intri-Plex Techs. v. Crest Group,

Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility . . . .")).

## ANALYSIS

### A. Defendant's Motion to Dismiss Plaintiff's First Claim for Relief: OAH's Dismissal of Claims Under the Individuals with Disabilities Education Act ("IDEA")

Plaintiff first seeks reversal of the OAH administrative law judge's ("ALJ") Order dismissing all of Plaintiff's claims that arose prior to September 11, 2016. According to Plaintiff, the ALJ improperly applied the law and this Court should allow the dismissed claims to proceed to trial on the merits here.[3]

The IDEA allows parents (or adult students) who are dissatisfied with a student's IEP to file a request for a due process hearing not later than two years from the date he or she "knew or should have known about the alleged action that forms the basis of the complaint, or, if the State has an explicit time limitation for requesting such a hearing under this part [20 U.S.C. §§ 1411 et seq.], in such time as the State law allows." 20 U.S.C. § 1415(b)(6)(B); (f)(3)(C). In California, the statute of limitations is "two years from the date the party initiating the request knew or had reason to know of the facts underlying the basis for the request." Cal. Educ. Code § 56505 (l).

Following such filing, the State is required to conduct a hearing and issue a written decision with findings of fact. 20 U.S.C. § 1415(f)(1), (h)(4). The IDEA expressly states that a decision made in an impartial due process hearing is final and any party aggrieved by the findings shall have a private right of action which may be brought in either State or in a federal district court. 20 U.S.C. § 1415(i)(2)(A).

---

[3] Even if Plaintiff could get past the jurisdictional and statute of limitations issues discussed below, the Court fails to see how a trial on the merits in the first instance before this Court would be more appropriate than remanding the case for further administrative proceedings.

7

### 1. This Court Lacks Subject Matter Jurisdiction Over Plaintiff's Appeal of the ALJ's Pre-Hearing Decision

As just indicated, this Court has jurisdiction over IDEA appeals as authorized by statute:

> Any party aggrieved by the findings and decision made under subsection (f) [impartial due process hearing] or (k) [placement in alternative educational setting] . . . shall have the right to bring a civil action with respect to the complaint presented pursuant to this section, which action may be brought in any State court of competent jurisdiction or in a district court of the United States, without regard to the amount in controversy.

20 U.S.C. § 1415(i)(2)A). Appeals "of the findings and decision resulting from a due process hearing" are thus permitted. G.R. ex rel. Russell v. Dallas School Dist. No. 2, No. 10-232-KI, 2010 WL 5232958, *8 (D. Or. Dec. 15, 2010). "If there is no due process hearing, there are no findings and decision resulting from the hearing." Id. "As a consequence, there is no judicial review because judicial review is limited to findings and decisions resulting from due process hearings." Id.; see also Knight v. Washington School Dist., No. 4:09CV00566-ERW, 2010 WL 1909581 (E.D. Mo. May10, 2010) (judicial review of dismissal of complaint was unreviewable absent a due process hearing). Accordingly, the IDEA does not provide federal court jurisdiction over prehearing rulings by an ALJ with the OAH.

### 2. Even Assuming this Court has Jurisdiction, The ALJ's Decision Would Be Affirmed

Consistent with federal law, California limits claims such as Plaintiff's to those arising no more than "two years from the date the party initiating the request knew or had reason to know of the facts underlying the basis for the request." Cal. Educ. Code § 56505(1); 20 U.S.C. § 1415(f)(3)(C). The ALJ properly determined that for purposes of determining when Plaintiff (or her parents) "knew or had reason to know of the facts underlying the basis for [her] request," it does not matter if she (or her parents) understood that she had a particular legal claim. Instead, as Defendant contends, "[w]hat mattered [was] whether the parents had knowledge of the problem or whether

8

they should have had knowledge of the problem which formed the basis of the action." Def.'s Mot., ECF No. 10-1, at 7.

According to the FAC, Plaintiff or her parents had repeatedly over time complained to the District that she was not making anticipated progress, and her parents had often disagreed with Defendant's IEP plans. In addition, the parents had observed on an annual basis that Plaintiff was not meeting academic benchmarks, and they expressed those concerns to Defendant. Based on the FAC then, either Plaintiff or her parents must have known or had reason to know of the facts underlying the basis of Plaintiff's claims from 2009 through September 11, 2016. The ALJ thus properly concluded Plaintiff's claims arising prior to September 11, 2016, were time-barred. Plaintiff's First Claim for Relief, for violation of the IDEA pursuant to 28 U.S.C. § 1415, is accordingly DISMISSED.

### B. Plaintiff's Second and Third Claims for Relief: Violation of the ADA and Section 504 of the Rehabilitation Act

#### 1. Plaintiff Has Failed to Exhaust Administrative Remedies As Required for Her Section 504 and ADA Claims

Plaintiff claims that by failing to provide Plaintiff with the academic and related modifications and accommodations to which she was entitled, Defendant also violated the non-discrimination mandates set forth in the ADA and Section 504 of the Rehabilitation Act. When claims are brought under federal laws seeking relief that is also available under the IDEA, the procedures of IDEA must be exhausted to the same extent as would be required had the action been brought directly under the IDEA itself. 20 U.S.C. § 1415(l); Fry v. Napoleon Cmty. Sch., 137 S. Ct. 743, 754 (2017). The critical factor for determining if IDEA exhaustion applies is "whether a lawsuit seeks relief for the denial of a free appropriate public education." Id.

Here, Plaintiff's FAC focuses on Defendant's purportedly consistent failure to provide her with an appropriate education plan, and she specifically contends the District violated Section 504 and the ADA by failing to provide her "with the academic and related modifications and accommodations to which she [was] entitled." FAC, ECF No. 9

¶¶ 190-91.  The Court concludes that both of Plaintiff's discrimination-related causes of action turn on the District's failure to provide her a FAPE.  As such, Plaintiff was required to exhaust her administrative remedies before bringing her claims under the ADA and Section 504.

Plaintiff failed to exhaust administrative remedies as to her federal causes of action then because she never proceeded to a due process hearing.  As indicated above, Plaintiff's allegations arising prior to September 11, 2016, were dismissed pre-hearing and her remaining causes of action were resolved via a private settlement.  Settlement of intertwined claims does not serve as exhaustion because "settlement is not tantamount to a substantive decision following a hearing; it does not provide the agency an opportunity to apply its expertise, create a solution, or develop the evidence and testimony to assist with judicial review."  S.B. by & through Kristina B. v. California Dep't of Educ., 327 F. Supp. 3d 1218, 1250 (E.D. Cal. 2018).  Plaintiff's ADA and Section 504 of the Rehabilitation Act claims are thus also DISMISSED.[4]

## CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss (ECF No. 10) is GRANTED with leave to amend.  Not later than twenty (20) days following the date this Memorandum and Order is electronically filed, Plaintiff may (but is not required to) file an amended complaint.  If no amended complaint is timely filed, this action will be deemed dismissed with prejudice upon no further notice to the parties.

IT IS SO ORDERED.

Dated:  March 30, 2020

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

---

[4] Having disposed of all of Plaintiff's federal claims, the Court declines to exercise supplemental jurisdiction over Plaintiff's state causes of action, which are dismissed as well.

10